```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :         01 CR 619(VM)
         -against-                 :     **DECISION AND ORDER**
                                   :
LEONARDO PIÑA,                     :
                                   :
              Defendant.           :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By letter dated September 3, 2020 (Dkt. No. 390), defendant Leonardo Piña ("Piña") requests that the Court assign him an attorney to pursue a motion for compassionate release because, among other things, the mother of his daughter has recently died from COVID-19. The Court construes the letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582") and denies the motion at this time without prejudice because Piña has not yet demonstrated compliance with Section 3582's exhaustion requirements, nor has he shown that the reasons he relies upon, as set forth in his motion, are sufficiently "extraordinary and compelling" to warrant relief. The Court will address Piña's request for an attorney, if necessary, after he has demonstrated exhaustion.

A defendant may not seek relief in court under Section 3582 until (i) he has "fully exhausted all administrative rights" within the Bureau of Prisons ("BOP"), or (ii) 30 days

1

have lapsed since he submitted a request for release to the warden. United States v. Battle, 05 Cr. 377, 2020 WL 2306482, at *1 (S.D.N.Y. May 8, 2020) (citing Section 3582). Piña has failed to demonstrate exhaustion under either prong.

Nonetheless, Piña recites some circumstances that, under proper conditions, may provide ground for relief. Specifically, he describes the death of his daughter's mother. See United States v. Paxton, 17 Cr. 121, 2020 WL 4498832, at *2 (W.D. La. Aug. 4, 2020) (explaining defendant's concern for her children was "understandable," but denying relief in part because defendant had failed to show "that other respite caregivers [we]re not available"). Indeed, Section 3582(c) authorizes courts "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, 19 Cr. 3218, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020).

Nonetheless, Piña does not set forth facts supporting a finding of "extraordinary and compelling" circumstances warranting a sentence reduction here. In particular, he does not indicate his daughter's age, what role, if any, Piña played in his daughter's care prior to his imprisonment, and whether other caregivers are available to care for her. Nor does Piña express facts surrounding his own medical history

2

or the conditions at Moshannon Valley CI, where he is incarcerated that would justify granting of his application.

Sections 571.61 of Title 28 of the Code of Federal Regulations sets forth how an inmate must submit a request under Section 3582 to the BOP. A denial by a warden must be appealed to the appropriate BOP Regional Director. See 28 C.F.R. § 571.63. If the Regional Director denies the request, the inmate must appeal to the General Counsel of the BOP. See 28 C.F.R. § 542.15(a); see United States v. Seng, No. 15 CR 706, 2020 WL 2301202, at *7 & n.13 (S.D.N.Y. May 8, 2020). A Regional Director's failure to respond within three days to a request "of an emergency nature which threatens the inmate's immediate health or welfare" or otherwise within 30 calendar days is deemed a denial by the Regional Director. 28 C.F.R. § 542.18; see Seng, 2020 WL 2301202, at *7.

In the event Piña submits a request for compassionate release to the warden of Moshannon Valley CI and the warden denies the petition, Piña must appeal to the appropriate BOP Regional Director and, if that appeal fails, to the BOP General Counsel. See 28 C.F.R. §§ 571.63(a), 542.15(a). If all those appeals fail, or if 30 days elapse after Piña's request to the warden, Piña may renew his motion for compassionate release in this Court. See Section 3582.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Leonardo Piña ("Piña") for compassionate release under 18 U.S.C. Section 3582(c)(1)(A) (Dkt. No. 390) is **DENIED** without prejudice. Piña may renew his request upon compliance with the terms of the statute. The Clerk of Court is directed to mail a copy of this Order to Leonardo Piña, Register Number 21070-479, Moshannon Valley Correctional Institution, 555 Geo Drive, Philipsburg, PA 16866, and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       15 October  2020

Victor Marrero
U.S.D.J.

4